UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:12-CR-433 |
| | § | |
| JEREMY JACOBI SCOTT | § | |

## MEMORANDUM AND ORDER

Jeremy Jacobi Scott pled guilty to conspiracy to commit sex trafficking. This Court sentenced him to a 120 month term of imprisonment, five years of supervised release, and a $100 special assessment. *See* Judgment (Dkt. No. 60). This case is before the Court on Scott's motion to vacate, set aside, or correct his sentence (Dkt. No. 65), and the government's motion to dismiss Scott's motion (Dkt. No. 79). Having carefully considered Scott's motion, the government's motion, Scott's response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Scott's motion should be denied.

## I. Background

Scott was indicted for trafficking a minor to engage in commercial sex acts in violation of 18 U.S.C. § 1591(a)(1), and (b)(1) and (2). Scott pled guilty to conspiracy to commit sex trafficking pursuant to a written plea agreement containing appellate and postconviction waivers. Plea Agreement (Dkt. No. 42) at 3.

## II. Applicable Legal Standards

Scott brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Scott received ineffective assistance of counsel at sentencing because his

counsel failed to argue disparity in Scott's sentence as compared to other individuals sentenced for similar crimes, and failed to argue misapplications of the sentencing guidelines.

**III.**   <u>**Analysis**</u>

The plea agreement contains an express waiver of Scott's right to collaterally attack his sentence. "Defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding." Plea Agreement (Dkt. No. 42) at 3. The government argues that Scott thus waived his right to attack his conviction and sentence. The right to challenge a conviction or sentence on appeal or in postconviction proceedings is waivable. *See, e.g.*, *United States v. Burns*, 433 F.3d 442, 446 (5th Cir. 2005); *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2005). To determine if the waiver is valid and binding, this Court must determine whether the waiver was knowing and voluntary, and whether the plain language of the waiver applies to this proceeding. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Scott's motion and supporting briefs argue merely that counsel failed to sufficiently contest the sentence. Scott does not contend that the sentence is outside the range specified in the plea agreement. *See* Plea Agreement at 1-2 (specifying a statutory sentencing range of up to life imprisonment, a fine of up to $250,000, and up to five years supervised release). The plea agreement expressly states that "Defendant . . . acknowledges that the Court has authority to impose any sentence up to and including the statutory maximum . . . and that the sentence to be imposed is within the sole discretion of the sentencing judge . . . ." *Id.* at 5. Thus, Scott was aware that his plea exposed him to a sentence of up to life imprisonment. The 120 month sentence he received is well within the range to which he agreed with his plea.

Moreover, ineffective assistance of counsel can overcome the waiver "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Scott's complaints about counsel's performance pertain to the sentence that was ultimately imposed, but that sentence falls within the parameters discussed in the written plea agreement. Therefore, Scott cannot plausibly contend that he would not have pled guilty if he knew he would receive a sentence of 120 months, and the alleged ineffective assistance of counsel does not affect the validity of the waiver or the plea.

Scott was aware of the effects of his plea agreement. His plea was thus knowing. Moreover, Scott has not shown that he was in any way coerced or threatened, or that the plea was in any way involuntary. He chose to plead guilty, and thus waived his right to bring this action.

**IV.** **Conclusion**

For the foregoing reasons, Scott has waived his right to bring this action. His motion is therefore denied, and the government's motion to dismiss is granted.

**V.** **Certificate Of Appealability**

Scott has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*,

114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Scott voluntarily, knowingly and intelligently waived his right to bring this action. Scott has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Scott is not entitled to a certificate of appealability.

## VI.    Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.    The government's motion to dismiss (Dkt. No. 79) is GRANTED;

B.    Jeremy Jacobi Scott's motion to vacate, set aside, or correct sentence (Dkt. No. 65) is DENIED; and

C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 13th day of April, 2017.

_____
Kenneth M. Hoyt
United States District Judge